Hinman, J.
It is claimed by the plaintiffs in error in this case, that the superior court gave an erroneous construction to the will of Azel Pierce.
The testator left a widow, a daughter, and six grandchildren, to whom he left his whole estate; and the only controversy is between the daughter and one of the grandchildren on one side, and the other five grandchildren on the other. He gives to his daughter Lydia one-half, and to his granddaughter Margaret one-twelfth of his real estate, and at the close *592 of each of these devises he uses this language : “ subject to the use and improvement or dower of my widow,” while in the devise to the other five grandchildren of the remaining five-twelfths, he does not say that it is subject to the share which he had previously given to his widow; and the claim is, on the part of the five grandchildren, that the testator intended that their shares should not be subject to the widow’s life estate, but that her share should be taken wholly from the shares of Lydia and Margaret. We think, however, that his intention was to give to the daughter one-half, and to the grandchildren equally the other half, of his real estate which remained after the widow’s share was taken out. The words added to the devises to Lydia and Margaret were not intended to limit the language by which he had given them their shares, but were used for the purpose of showing that he did not intend that they should take more than one-half and one-twelfth of what remained after the widow’s share was taken out. The construction claimed and insisted upon by the five grandchildren would make the language of the will contradictory to itself, since Lydia would not get one. half of his real estate left after the payment of debts and funeral expenses, nor Margaret one-twelfth thereof, if the' life estate of the widow in oné-third of the whole was to remain an incumbrance upon their shares. We are of opinion, therefore, that the superior court construed the will correctly, and that the judgment should be affirmed.
In this opinion the other judges concurred.
Judgment affirmed.